VIOSCA, Justice.
' In this case plaintiff seeks by mandamus to compel the City of New Orleans to issue to him an alcoholic beverage license for the year 1960 and also seeks an injunction to prevent the City, its officers and its employees from interfering in any way with the operation of his business until the final determination of the case. The District Court issued a temporary restraining order and directed defendants to show cause why a preliminary injunction and a writ of mandamus should not issue as prayed for. On the hearing defendants filed, in addition to other pleadings, an exception of res ju- *885 dicata in which they contend that the decision of the Court of Appeal for the Parish of Orleans in Spinato v. Lowe, 113 So.2d 73 in which that Court held that plaintiff was not entitled to an alcoholic beverage license for the year 1959 and dismissed his suit, bars plaintiff from seeking an alcoholic beverage license for the year 1960. The District Court maintained the exception of res judicata and the matter is now before us for review on a writ of certiorari.
In Spinato v. Lowe, supra, we granted a writ of certiorari to review the judgment of the Court of Appeal upon which defendants rely, and subsequently, because the year 1959 had expired before the case was heard in this Court, we dismissed plaintiff’s suit and recalled the writ because the issues presented for determination had become moot. See Spinato v. Lowe, 239 La. 604, 119 So.2d 480. This had the effect of leaving undecided all of the questions involved in that litigation. Accordingly,- the plea of res judicata is not well founded.
For the reasons assigned, the judgment of the District Court is reversed, the plea of res judicata is overruled, the temporary restraining order heretofore issued by the District Court is reinstated and the case is remanded to the District Court for further proceedings according to law and the views herein expressed.
HAMLIN, J., concurs with written reasons.