385 So.2d 309 (1980)
Clamie Guillory GOLMAN
v.
DIXIE INSURANCE COMPANY et al.
No. 13193.
Court of Appeal of Louisiana, First Circuit.
March 31, 1980.
Charles B. Colvin, Baton Rouge, for plaintiff-appellant Clamie Guillory Golman.
Robert L. Kleinpeter, Baton Rouge, for defendants-appellees Dixie Ins. Co., Joseph E. Pouyer, and Robert E. Rabb.
Before ELLIS, CHIASSON and PONDER, JJ.
ELLIS, Judge:
This is a suit by Clamie Guillory Golman for damages for the wrongful death of her son, Harold D. Guillory. Defendants are Dixie Insurance Company, Joseph E. Pouyer, doing business as Eastern Missouri Excavation Company, and Robert E. Rabb. The petition alleges that Harold D. Guillory was killed when his automobile was struck by a vehicle operated by Rabb, in the course and scope of his employment with Pouyer. The accident is alleged to have happened on April 10, 1975. Defendants are alleged to be strictly liable for the death of Guillory, because they were custodians of a thing, a vehicle, which was responsible for his death. This suit was filed on May 30, 1979.
To the petition, defendants filed peremptory exceptions of res judicata and prescription. The record reveals that a suit was filed in the 20th Judicial District Court by *310 this plaintiff against these defendants for damages for the wrongful death of Harold D. Guillory in the accident of April 10, 1975. The suit was decided against plaintiff in the district court by a jury, the judgment was affirmed in this court, and writs were refused by the Supreme Court on February 23, 1979. See Golman v. Dixie Auto Ins. Co., 368 So.2d 134 (La.1979). In the suit in the 20th Judicial District Court, plaintiffs based their claim for damages on the negligence of Mr. Rabb in a number of respects.
The peremptory exceptions filed by defendants herein were sustained by the trial court, and plaintiff's suit was dismissed. From the judgment of dismissal, plaintiff has appealed.
In this court, she claims that the judgment in the first suit is not res judicata as to this suit because the alleged liability of defendants is based on a claim of strict liability under Article 2317 and not negligence under Article 2315 as in the first suit.
Article 2286 of the Civil Code provides:
"The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."
In Mitchell v. Bertolla, 340 So.2d 287 (La. 1976), the court found the phrase "cause of action" in the above article to be a mistranslation of the French cause, which should have been translated as "cause." The court said:
"The cause is said to be the juridical or material fact which is the basis of the right claimed, or the defense pleaded. 2 Planiol, Traite Elementaire De Droit Civil, 34 (11 ed. 1939). Stated otherwise:
`... Cause is the principle upon which a specific demand is grounded while cause of action embraces the cause and the demand, and is related to the party making the demand...'"
It is possible, as in the Mitchell case, supra, for the same set of circumstances to give rise to a number of "causes," and a decision in a case based on one cause does not bar another suit arising out of the same facts, based on a different cause.
However, plaintiff is mistaken in her claim that a suit under Article 2317 is founded on a cause different from a suit under Article 2315. In Loescher v. Parr, 324 So.2d 441 (La.1976), the court said:
"Articles 2315 through 2324 of the Louisiana Civil Code comprise the code's entire chapter of legal principle regulating offenses and quasi-offenses.
"The underlying principle is provided by Article 2315: `Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it. * * *' The remaining articles constitute amplifications as to what constitutes `fault' and under what circumstances a defendant may be held liable for his act or that of a person or thing for which he is responsible.
"Article 2316 provides for delictual (tort) responsibility for negligent acts or omissions: `Every person is responsible for the damage he occasions not merely by his act, but his negligence, his imprudence, or his want of skill.' However, negligence is not necessarily a basis for the obligation to respond in damages for harm caused by persons or things for which we are responsible as provided by the subsequent Articles 2317 through 2322."
Plaintiff's cause, therefore, is founded on the material fact of the automobile collision. She does not change her cause by alleging liability under Article 2317 rather than Article 2315. All of the articles relating to offenses and quasi-offenses are part of the same causal scheme.
The exception of res judicata was properly maintained. Since we have so concluded we need not consider the merits of the peremptory exception of prescription.
The judgment appealed from is affirmed at plaintiff's cost.
AFFIRMED.