445 So.2d 105 (1984)
Harvey LOWE, Jr., Plaintiff-Appellant,
v.
Joe Ollie RIVERS et al., Defendants-Appellees.
No. 15947-CA.
Court of Appeal of Louisiana, Second Circuit.
January 16, 1984.
*106 Simmons, Nelson & Dunn by Otha Curtis Nelson, Sr., Baton Rouge, for plaintiff-appellant.
Dawkins, Coyle & Carter by Michael S. Coyle, Ruston, for defendants-appellees.
Before MARVIN, FRED W. JONES, Jr: and SEXTON, JJ.
FRED W. JONES, Jr., Judge.
On January 25, 1982 Lowe sued Rivers and his "unknown insurer" for worker's compensation benefits based upon an injury which allegedly occurred in the course and scope of the claimant's employment with Rivers on March 6, 1981. On March 22, 1982 Lowe filed an amended petition, adding as a defendant Union Wood Company, Inc. ("Union Wood"), but no factual basis for this alleged liability was asserted.
Union Wood filed an exception of prescription, asking that the suit be dismissed as to it because of plaintiff's failure to sue the exceptor within one year from the date of the alleged injury. The exception was tried on September 21, 1982. Subsequently, in written reasons for judgment, the trial judge found that the filing of the suit against Rivers did not interrupt prescription as to Union Wood because the two defendants were not solidarily bound. Pursuant to that ruling, judgment was signed on December 20, 1982, sustaining the plea of one year prescription and dismissing the suit as to Union Wood. No appeal was taken from this judgment.
In the meantime, on October 15, 1982, plaintiff filed a second amended petition, again naming as defendants Rivers and Union Wood, but also adding as defendants International Paper Company and Georgia Casualty and Surety Company. Otherwise, the factual allegations of the original and first amended petition were reiterated.
On March 28, 1983 Union Wood leveled an exception of res judicata at the second amended petition insofar as it again named the exceptor as a defendant, asserting that this matter was definitively resolved by the judgment sustaining its plea of prescription. The trial judge agreed and on June 29, 1983 signed a judgment sustaining the exception of res judicata, again dismissing the suit as to Union Wood.
*107 Plaintiff appealed the last described judgment, arguing in essence that the trial court erred in its ruling that the December 20, 1982 judgment was res judicata as to the second amended petition filed on October 15, 1982.
For the reasons hereinafter detailed, we find plaintiff's argument untenable and affirm the district court judgment.
A judgment that determines the merits in whole or in part is a final judgment. A final judgment is definitive when it has acquired the authority of the thing adjudged. La.C.C.P. Articles 1841, 1842.
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality. La.C.C. Article 2286; Reaux v. Iberia Parish Police Jury, 411 So.2d 727 (La.App. 3rd Cir. 1982).
It was held in Mitchell v. Bertolla, 340 So.2d 287 (La.1976) that the phrase "cause of action" in Article 2286 is to be interpreted to mean "cause", which refers to "the juridical or material fact which is the basis of the right claimed, or the defense pleaded." p. 291.
There is no question but that plaintiff's second amended petition simply repeated the same "cause" as the original and first amended petitions and that the thing demanded was the same. The only change effected by the last pleading was the addition of other parties. This change was immaterial to the question of the efficacy of Union Wood's exception of res judicata. We pointed out in Johnson v. Lemons, 157 So.2d 752 (La.App.2d Cir.1963):
"[p]laintiff ... cannot, by merely adding parties, diminish the force and effect of the peremptory exception of res judicata as between all the parties with whom he has litigated the issues to a final judgment." p. 757.
Also see Giroir v. Dumesnil, 172 So.2d 89 (La.App. 1st Cir.1965).
The thrust of plaintiff's argument on appeal appears to be that the trial judge erred in sustaining the plea of prescription. This issue is clearly foreclosed since plaintiff failed to appeal from that judgment. Matters once finally determined by a court of competent jurisdiction can never again be called into question by the parties, or their privies, notwithstanding the decree may have been erroneous and subject to certain reversal upon appeal. California Company v. Price, 234 La. 338, 99 So.2d 743 (1957).
The fact that the judgment sustaining the plea of prescription did not specifically refer to the second amended petition is of no significance. That judgment definitively resolved the "cause" alleged and the thing demanded as between these parties.
For these reasons, we conclude that the trial judge correctly sustained the exception of res judicata and affirm the district court judgment to that effect, at appellant's cost.