L. JULIAN SAMUEL, Judge Pro Tem.
Relators have applied for writs and respondents have replied. The only issue before us is whether the trial judge correctly maintained respondents’ exception of res judicata to the relators’ writ of quo war-ranto. On the showing made, the facts are as follows:
The res judicata exception was based on judgments rendered in the following two cases:
1. “Henry B. Dejoie, Sr. v. Vivian Rous-sell and the Louisiana Weekly Publishing Company”, No. 82-18213 of the docket of the Civil District Court, a suit for specific performance of a contract to sell stock. In that matter, plaintiff (a relator herein) had alleged that on March 7, 1980 he and defendant Roussell (his sister) had entered into a contract in which she agreed to sell him her sixty (60) shares of stock in the Louisiana Weekly along with “twenty (20) odd Louisiana Weekly shares, from the estate.” The trial court dismissed the suit. On appeal, this court affirmed solely on the ground that the contract had been annulled by mutual consent of the parties and specifically refused to rule on the question of whether the Articles of Incorporation prohibited enforcement of the contract. Dejoie v. Roussell, 447 So.2d 104 (La.App.4th Cir.1984).
2. “Louise Wilcox v. Henry Dejoie, Sr., Constant C. Dejoie and Vivian Rous-sell”, No. 83-18777 of the docket of the Civil District Court, a suit for mandamus and injunctive relief as a shareholder’s derivative action and, in the alternative, as a personal action. Plaintiff in that suit (apparently also a relator herein) alleged certain transfers of stock were in violation of the Articles of Incorporation of the Louisiana Weekly, which articles provided that no shareholder could transfer his shares without first offering the stock to the corporation and, if it failed to exercise the option, then to the remaining stockholders. Defendants filed exceptions of nonjoinder of an indispensible party, no right of action, unauthorized use of summary proceedings and prematurity. The trial judge granted the exception of no right of action, finding that plaintiff had failed to provide any documentation to show her interest in the suit, and the exception of nonjoinder of an indispensible party, since the corporation was not joined as a defendant. Other findings were made by the trial court but they were dicta because the judgment maintained only the exceptions of no right of action and nonjoinder *1297 of an indispensible party, and dismissed as moot the exceptions of unauthorized use of summary proceeding and prematurity.
This case (No. 84-11436) was brought by the present respondents. It sought a permanent injunction against the defendants prohibiting them from refusing to recognize the validity of elections of certain transferees of stock and the actions taken by them as newly elected directors of the corporation. Defendants (relators here) answered and reconvened for an injunction to prohibit any action by the officers or directors pursuant to the above transfers and elections. During the course of the proceedings, the trial judge expressed the opinion that quo warranto (not injunction) was the proper procedural vehicle. Rela-tors then amended their original answer and reconventional demand to pray for a writ of quo warranto. Respondents then filed the exception of res judicata based on the suits and judgments previously described.
L.S.A.-CC. art. 2286 defines res judicata (“the thing adjudged”) as follows:
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.
Thus, the peremptory exception of res judicata is based upon a judgment rendered in a prior suit and relitigation of the object of a judgment is prohibited where there is identity of (1) the thing demanded, (2) the cause and (3) the parties. The absence of any one of the conditions is fatal to a plea of res judicata. Welch v. Crown Zellerbach Corp., 359 So.2d 154 (La.1978); Safeco Ins. Co. of America v. Palermo, 436 So.2d 536 (La.1983).
THE FIRST SUIT (NO. 82-18213)
In this first suit at least one of the requirements of article 2286 has not been met.
The thing demanded is different in the two suits. The first demands specific performance of a contract to sell stock. The present suit is a quo warranto action whereby plaintiffs-in-reconvention demand that the officers and directors of the corporation show by what authority each holds his position.
Because there is no identity of at least one of the crucial elements in the present suit and the first suit, the latter does not constitute a basis for res judicata and does not prevent relitigation here.
THE SECOND SUIT (NO. 83-18777)
The judgment in the second suit ordered only that defendants’ exceptions of no right of action and nonjoinder of an indispensible party be maintained. The other exceptions were dismissed as moot. The “thing adjudged,” the “object of the judgment”, in the second suit was that Louise Wilcox had not shown she had a right of action, (an interest in the controversy). The trial court’s conclusion .that the plaintiff had no right of action brought the second suit to an end and there was nothing left to decide. Thus, insofar as the record before us reflects, the issue of the validity of the transfer of shares from Constant Dejoie to the respondents-in-writ, has not been previously litigated.
Accordingly, the second suit does not constitute a basis for res judicata and does not prevent litigation in this quo warranto suit.
For the reasons assigned, the judgment complained of is reversed and it is now ordered that there be judgment dismissing respondents’ exception of res judicata. The matter is remanded to the trial court for further proceedings. All costs are to await a final disposition.
REVERSED AND REMANDED.