545 So.2d 567 (1989)
Ricky A. GUIDRY and Silvia Guidry
v.
BAYLY, MARTIN AND FAY of LOUISIANA, INC. and Burnett and Company, Inc.
No. 88-CA-2388.
Court of Appeal of Louisiana, Fourth Circuit.
May 9, 1989.
Rehearing Denied July 19, 1989.
*568 John H. Ryan, C. Barry Ogden, Byan & Willeford, New Orleans, for defendant/appellee Burnett and Company, Inc.
Charles W. Nelson, Jr., New Orleans, for defendant/appellee Bayly, Martin & Fay of La., Inc.
John Paul Massicot, M. Damien Savoie, Silvestri & Massicot, New Orleans, for plaintiffs/appellants.
Before SCHOTT, C.J., and LOBRANO and ARMSTRONG, JJ.
LOBRANO, Judge.
Appellants, Ricky Guidry, a former employee of the now bankrupt Delta Services Industries (Delta) and Silvia Guidry, wife of Ricky Guidry, allege that Ricky Guidry was injured while working for Delta on a Delta owned barge on May 10, 1982.
On July 15, 1983, Guidry filed a complaint against Delta in United States District Court, Eastern District of Louisiana pursuant to the Jones Act (case No. 83-3617). Guidry amended his complaint to include his wife, Silvia Guidry, as a plaintiff for her loss of consortium. Thereafter the suit was again amended adding as defendants Delta's liability insurers, Western Preferred Casualty Company, Lloyd's of London and the ENNIA Insurance Company.
Delta filed for bankruptcy and Guidry's action against Delta was stayed by order of the bankruptcy court.
The insurers moved for summary judgment based on an exclusion in the policies for captains and crew members of Delta owned vessels. The federal court granted the motions and dismissed the insurers.
Subsequently, on September 11, 1985, Guidry again amended his complaint naming Bayly, Martin and Fay of Louisiana (BMF), Delta's insurance agent and Burnett and Company, Inc. (B & C), the insurance broker who had placed Delta's coverage with Lloyd's of London at the request of BMF. Both BMF and B & C moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for the plaintiff's failure to state a cause of action. The Court granted the motions.
Thereafter in May 1986, the Guidrys conditionally released Delta's trustee in bankruptcy and obtained from him an assignment of rights for any claims he had against BMF and B & C.
The Guidrys, as assignees of Delta's trustee, again amended their complaint naming BMF and B & C as defendants alleging:
"Delta is without insurance coverage for the complainants' Guidrys' damages because of the negligence of Bayly, Martin and Fay of Louisiana, Inc., and Burnett and Company alleged hereinabove."
Again BMF and B & C moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) and, alternatively, B & C sought summary judgment pursuant to Federal Rule of Civil Procedure 56. Because the trial court considered "matters outside the pleadings", it considered both motions as ones for summary judgment. On December 17, 1986, the court granted the motions holding that Delta's cause of action against BMF and/or B & C had *569 prescribed as that action sounded in tort and the applicable one year prescriptive period of C.C. Art. 3492 had elapsed without Delta commencing an action. The Guidrys' claim, as assignees of Delta, had no greater rights than Delta, and therefore their claim had prescribed. The Guidrys did not appeal that judgment.
On November 18, 1987, the Guidrys sued BMF and B & C in Civil District Court, Parish of Orleans, alleging as assignees of Delta, that BMF and B & C breached their contractual and fiduciary duty to Delta in their failure to obtain the desired insurance coverage which thereby exposed Delta to the Guidrys' claim for damages.
BMF and B & C filed exceptions of no cause of action, no right of action, res judicata, and prescription. Without assigning reasons, the trial court dismissed this matter on an exception of prescription. We agree with the dismissal. However, our decision is based on defendants' exception of res judicata which was overruled by the trial court, but which has been appealed by defendants.[1]
Res judicata is defined in La.R.S. 13:4231 as follows:
"The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same capacity."
It is well recognized in our jurisprudence that the term "cause of action", is a mistranslation of the French term "cause". Mitchell v. Bertolla, 340 So.2d 287 (La. 1976). The proper interpretation of cause requires consideration of the operative fact or facts which give rise to the judicial relief sought. Mutual Fire, Marine & Inland Insurance Company v. Electro Corp., 461 So.2d 410 (La.App. 4th Cir.1984). The courts must examine the juridical or material fact which serves as the basis of the right claimed. Mitchell v. Bertolla, supra. As explained in Coffil v. Boyd, 428 So.2d 1355 (La.App. 4th Cir.1983), writ refused 433 So.2d 1051 (La.1983).
"We second observe the necessity ... to examine the first lawsuit to determine what was there at issue, actually decided, and therefore a thing adjudged that may not be questioned by another lawsuit." Id. at 1357.

Plaintiffs argue that Louisiana jurisprudence has consistently refused to sustain the exception of res judicata when the prior judgment relied on was the result of a dismissal predicated on an exception that did not finally adjudicate the issues, citing Dixion, et al., 51 Tul.L.R. 534, and Coffil v. Boyd, supra. In essence their argument is that the judgment rendered in Federal court was not a final judgment, and therefore does not have the authority of the thing adjudged. Moreover, a res judicata plea is one which must be strictly construed and any doubt should be resolved against its application.
While we agree to a certain extent that matters which are dismissed on preliminary pleas would generally not serve to support a res judicata plea, we do not believe the peremptory exception of prescription falls in that category. For example, the plea of res judicata in Coffil v. Boyd, supra, was predicated on the dismissal of the prior suit on an exception of lis pendens. Quite clearly, a lis pendens dismissal does not adjudicate anything. It merely recognizes that there is another matter pending that takes precedence over the instant matter. Likewise, dismissal of a petition on the grounds that it fails to state a cause of action will not support a res judicata plea in a subsequent action. Federal Insurance Co. v. T.L. James, 69 So.2d 636 (La.App. 1954). However, in Lowe v. Rivers, 445 So.2d 105 (La.App. 2nd Cir.1984) the court maintained an exception of res judicata where the prior action was dismissed on a plea of prescription. The court held that the prescriptive plea was a final judgment between the parties on the "cause" asserted and therefore was res judicata as to *570 those parties even though plaintiff had amended his pleadings to include additional parties.
With these principles in mind we note that the claim against appellees filed in the Federal litigation asserted that:
"Bayly, Martin and Fay of Louisiana, Inc. and Burnett and Company, Inc. were insurance agents and/or insurance brokers who under contract undertook to procure, provide and/or obtain insurance coverage on behalf of Delta Services Industries and/or Delta Services, Inc. and/or Granite Capitol Corporation which would provide coverage to Ricky A. Guidry for the accident and/or injuries which he sustained in the accident which is the subject matter of this lawsuit but through their joint, several and solidary negligence, and errors in their acts or omissions failed to procure, bind, or otherwise obtain insurance coverage for, on behalf of and as requested by Delta Services Industries, Delta Services, Inc. and/or Granite Capitol Corporation which would have provided coverage for the accident and injuries complained of herein and forms the subject matter of this lawsuit; ..."
Maintaining the prescriptive plea of BMF and B & C, the Federal court held that plaintiffs' action clearly sounded in tort and thus was barred by the one year prescriptive plea of Civil Code Article 3492. The court's reasons for judgment clearly show that evidence was presented by both parties in support of their respective positions since the court noted that "matters outside the pleadings have been presented to and not excluded by this court." In our opinion, there was an adjudication of the merits of the prescriptive issue. The Federal Court judgment is a definitive judgment and was not appealed. La.C.C.Pro. Art. 1842.
Subsequently plaintiffs filed the instant action wherein they assert:
"As assignees of Delta petitioners allege that BMF and Burnett (B & C) breached their contractual and fiduciary duty to Delta for which breach of contract and fiduciary obligation they are answerable in the damages complained of herein by petitioners against Delta."
Our review of the pleadings, judgments and reasons for judgment in the Federal suit convince us that that litigation sought the same object as the matter before us. Plaintiffs seek recovery from defendants for the injuries they sustained because of the alleged failure by defendants to secure the proper insurance for Delta, the employer. The same set of operative facts form the basis for both lawsuits, and both involve the same parties in the same capacities. The Federal court, after full consideration of the evidence and arguments of the parties, held that the one year prescriptive period was applicable. That determination definitively resolved the issues between the parties.
Plaintiffs argue, however, that the cause of action in the Federal proceedings was one in tort, whereas the instant matter is a breach of contract and therefore the ten year prescriptive period is applicable. For two reasons, we reject this argument.
First, the Federal court decided this same issue. That court held that plaintiff's claim was prescribed because the action "sounded in tort". The fact that plaintiffs now use the phrase "breached their contractual duty" in their pleadings does not alter the operative facts which support the relief sought. A rephrasing of the petition cannot alter the fact that they seek the same relief. See, Golman v. Dixie Ins. Co., 385 So.2d 309 (La.App.1st Cir.1980) writs denied, 386 So.2d 357 (La.1980). In essence plaintiffs are arguing that the Federal decision is wrong and that this Court should correct it. That issue is closed. Matters that are finally determined by a court of competent jurisdiction cannot be called into question again by the parties notwithstanding that the judgment may have been erroneous and was subject to reversal on appeal. Plaintiffs did not appeal the federal adjudication. California v. Price, 234 La. 238, 99 So.2d 743 (1957); Mai v. Mai, 419 So.2d 1251 (La.App. 3rd Cir.1982), writ denied, 420 So.2d 970 (La. 1982); Valien v. Prather, 348 So.2d 229 *571 (La.App. 3rd Cir.1977), writ denied 351 So.2d 515 (La.1977).
Second, it is generally recognized that Louisiana utilizes the "fact pleading" approach to presenting a claim rather than attempting to "pigeon-hole" the allegations as a particular theory of recovery. The facts relied on by plaintiffs in both suits are the same, and the relief sought is the same. A court of competent jurisdiction (the Federal District Court) has ruled that the relief plaintiffs' seek is barred by prescription. When no appeal was taken from that judgment, it became final. This matter cannot be litigated again, it is res judicata.
For the reasons assigned we maintain the dismissal of plaintiff's suit.
AFFIRMED.
SCHOTT, Chief Judge, concurring:
In their petition against BMF and B & C, the Guidrys allege that they are the assignees of Delta Services Industries based upon an assignment agreement which they annexed to their petition and make part thereof.
The assignment is a declaration by the trustee in bankruptcy of Delta Services that he assigns each claim the debtor, Delta, has against BMF and B & C arising out of Guidry's accident and asserted by the Guidrys in the federal suit. The trustee declares that the consideration for the assignment is the "conditional release" of Delta by the Guidrys. The trustee concludes his declaration with his assignment to the Guidrys of "any and all rights of action and remedies which [he] has or may have in the premises against [BMF and B & C]."
At the time this release was given and assignment was executed, the Guidrys were relegated to a claim against Delta's bankrupt estate. If any funds were forthcoming for distribution to the ordinary creditors, the Guidrys might participate in that distribution if they could establish a valid claim. The only thing the trustee could assign was his claim against BMF and B & C for whatever amount, if any, that the bankrupt estate would distribute to the Guidrys.
It is difficult to understand how the Guidrys could furnish a "conditional release" to the trustee without giving up any chance to participate in the bankrupt estate. Once this occurred, the trustee would have no legal basis to pursue BMF or B & C on what seems to be a theory of tort indemnity protecting him against the claims of the Guidrys.
For these reasons, I concur in the result reached by the majority dismissing the Guidrys' claim but for the reason that they failed to state a cause of action against BMF and B & C.
NOTES
[1] We do not have any reasons as to why the trial judge dismissed the res judicata plea. However, it is probable that the exception was considered moot once the prescriptive plea was upheld.