558 So.2d 715 (1990)
Darleen FUST, et al.
v.
Herman L. FONTENELLE, M.D., et al.
No. 89-CA-1294.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1990.
Rehearing Denied April 19, 1990.
*716 R. Ray Orrill, Jr., Robert F. Shearman, Orrill & Shearman, New Orleans, for plaintiffs, appellants.
H. Martin Hunley, Jr., C. Wm. Bradley, Jr., Lemle, Kelleher, Kohlmeyer, Dennery, Hunley, Moss & Frilot, New Orleans, for defendant, appellee St. Paul Fire and Marine Ins. Co.
Before BARRY and WILLIAMS, JJ., and PRESTON H. HUFFT, J. Pro Tem.
BARRY, Judge.
Mr. and Mrs. George Fust appeal a judgment which maintains St. Paul Fire & Marine Insurance Company's exception of res judicata and the denial of a new trial.

PROCEDURAL HISTORY
On January 2, 1980 Mr. and Mrs. Fust, Sr., individually and on behalf of their minor son, George Fust, Jr., filed suit in federal district court. By complaint and amended complaint they sued Dr. Herman Fontenelle, his medical corporation, and his insurer, St. Paul Fire & Marine Insurance Company. Their petition alleged that Mrs. Fust was under Dr. Fontenelle's care during her pregnancy from March until November 8, 1975. Dr. Fontenelle allegedly prescribed numerous dangerous drugs during her pregnancy and after George's birth when Mr. and Mrs. Fust learned that the child suffered from cerebral palsy, spastic quadriplegia, and other injuries. Their petition claimed that in August, 1979 Mr. and Mrs. Fust learned that their son's abnormalities and impairment were due to alleged negligent actions of Dr. Fontenelle, including the prescription of certain drugs during Mrs. Fust's pregnancy. A number of pharmaceutical companies were originally made defendants but were dismissed. Mr. and Mrs. Fust's complaint was dismissed with prejudice by summary judgment on January 11, 1984 based on prescription by retroactively applying La.R.S. 9:5628. The Fusts appealed and the U.S. Fifth Circuit affirmed the dismissal on July 23, 1984. Fust v. Arnar-Stone Laboratories, Inc., 736 F.2d 1098 (5th Cir.1984). Their application for rehearing was denied on August 24, 1984 and they did not apply for certiorari.
On May 10, 1988 Mr. and Mrs. Fust filed a petition in Civil District Court against Dr. Fontenelle's medical corporation, his estate and St. Paul Marine & Fire Insurance Company. St. Paul filed an exception of res judicata and argued that in 1980 the same plaintiffs filed an identical complaint against the same defendants in the United States District Court. St. Paul specified that Mr. and Mrs. Fust justified their virtually identical 1988 suit because the jurisprudence relied upon by the federal courts in 1983 and 1984 was supplanted by a 1987 decision of the Louisiana Supreme Court, hence they are entitled to re-litigate their claim in state court. The federal documentation was attached to the exception.
Mr. and Mrs. Fust argued that within one year of Maltby v. Gauthier, 506 So.2d 1190 (La.1987), they filed their suit in state court and should be allowed to revive their claim which was wrongfully dismissed in federal court due to the faulty interpretion of Louisiana law. They stated Maltby held that La.R.S. 9:5628 was not to be retroactively applied and the Fusts claim their *717 cause of action had not prescribed. The Fusts noted that they filed the petition in state court in 1988 because the estate of Dr. Fontenelle was in Louisiana, they then resided in Louisiana, and there was no longer diversity of citizenship.
The trial court maintained the res judicata exception and denied Mr. and Mrs. Fust's motion for a new trial. Their appeal claims:
1. A summary judgment based on prescription does not support a later plea of res judicata;

2. There has been no change in the law, rather a confirmation and clarification of the law that existed at the time of the original suit.

RES JUDICATA
The theory of our Louisiana civilian res judicata is much narrower than its counterpart in common law jurisdictions. Here matters actually litigated and finally adjudged are presumed correct and should not be contradicted by a subsequent suit. Louisiana doctrine presumes correctness and precludes relitigation only when there is: (1) an identity of the parties; (2) an identity of cause; (3) an identity of the thing demanded. Welch v. Crown Zellerbach Corporation, 359 So.2d 154 (La.1978). Dixon, Booksh, and Zimmering, Res Judicata in Louisiana Since Hope v. Madison, 51 TUL.L.REV. 611 (1977).
La.R.S. 13:4231 provides:
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.
The term "cause of action" is a mistranslation of the French term "cause." Mitchell v. Bertolla, 340 So.2d 287 (La.1976). A proper interpretation of cause requires consideration of the operative facts which give rise to the judicial relief sought. Mutual Fire, Marine & Inland Insurance Company v. Electro Corporation, 461 So.2d 410 (La.App. 4th Cir.1984). One must examine the first lawsuit to determine what was at issue, what was decided and therefore a "thing adjudged" that may not be questioned by another lawsuit. Sewell v. Argonaut Southwest Insurance Co., 362 So.2d 758 (La.1978). A plea of res judicata is stricti juris; every element of the formula must be present. Mai v. Mai, 419 So.2d 1251 (La.App. 3rd Cir.1982), writ denied 420 So.2d 970 (La.1982).
A final judgment in federal court can become a res judicata plea in state court. Jones v. Jefferson Parish School Board, 447 So.2d 1205 (La.App. 5th Cir. 1984), writ denied 450 So.2d 953 (La.1984). A judgment that determines the merits in whole or in part is a final judgment. La.C. C.P. art. 1841. A final judgment is definitive when it has acquired the authority of the thing adjudged. La.C.C.P. art. 1842. A federal court summary judgment (based upon the burden of proof and not lack of jurisdiction) is a final judgment for purposes of a subsequent state court plea of res judicata. Sibley v. Natchitoches Parish Police Jury, 509 So.2d 637 (La.App. 3rd Cir.1987), writ denied 512 So.2d 1182 (La. 1987).
A final judgment has the authority of res judicata only as to those issues in the pleadings and conclusively adjudicated by that court; where any doubt exists the second suit will be maintained. McNeal v. State Farm Mutual Automobile Insurance Company, 278 So.2d 108 (La.1973); McKean v. Campbell, 372 So.2d 652 (La. App. 1st Cir.1979).
Louisiana appellate courts have held that prior suits dismissed on exceptions of no right of action, Louisiana Weekly Publications v. First National Bank of Commerce, 455 So.2d 1295 (La.App. 4th Cir. 1984), or nonsuits, Chalmette General Hospital, Inc. v. Cherry, 398 So.2d 599 (La.App. 1st Cir.1980), writ denied 400 So.2d 211 (La.1981), do not have res judicata effect.
Mr. and Mrs. Fust argue that the "thing adjudged" was a pre-trial motion for *718 summary judgment based on prescription and not the merits of the case. Because the claim was not litigated in the prior suit and the thing adjudged, res judicata does not apply. They rely on Landry v. Thibaut, 523 So.2d 1370 (La.App. 5th Cir. 1988), writs denied 526 So.2d 809 (La. 1988).
In Landry the State Fifth Circuit was confronted with a federal court dismissal of a claim because the plaintiffs did not have a private right of action against the directors and officers of a corporation (a shareholder's derivative suit was necessary) and a subsequent plea of res judicata by the defendants after plaintiffs filed suit in state court. The Fifth Circuit affirmed the trial court's finding that the federal court action as to that claim had no res judicata effect.
Mr. and Mrs. Fust argue this situation is analogous to Landry, but we find glaring distinctions. Landry and the above cited cases show that Louisiana jurisprudence has consistently held that a judgment maintaining a no right of action or any exception that does not represent a final adjudication has no res judicata effect. See Dixon, Res Judicata, supra, at 634, fn. 119 and the cases cited therein.[1] In Coffil v. Boyd, 428 So.2d 1355 (La.App. 4th Cir. 1983), writ denied 433 So.2d 1051 (La. 1983), this Court considered whether a prior judgment maintaining an exception of lis pendens could support an exception of res judicata. We affirmed the trial court's decision to overrule the exception because dismissal of the action did not adjudicate its merits even though the lawsuit was dismissed with prejudice. In Federal Ins. Co. v. T.L. James Co., & Inc., 69 So.2d 636 (La.App.Orl.1954), the court held that a judgment maintaining exceptions including no cause of action (and never appealed) cannot form the basis for res judicata. None of the above discussed cases involves a prior prescription exception.
St. Paul Fire & Marine Insurance Company argues that granting summary judgment based on prescription will support a plea of res judicata and relies heavily on Guidry v. Bayly, Martin and Fay of Louisiana, Inc., 545 So.2d 567 (La.App. 4th Cir.1989), writ denied 551 So.2d 638 (La. 1989). There the U.S. Eastern District Court granted summary judgment holding that the cause of action had prescribed. When suit was filed in Civil District Court, exceptions of no cause of action, no right of action, res judicata and prescription were filed and the trial court dismissed based on prescription. This Court affirmed the dismissal, but based its decision on res judicata and stated:
While we agree to a certain extent that matters which are dismissed on preliminary pleas would generally not serve to support a res judicata plea, we do not believe the peremptory exception of prescription falls in that category.
545 So.2d at 569.
The Guidry court relied on Lowe v. Rivers, 445 So.2d 105 (La.App. 2d Cir.1984) which involved the trial court maintaining an exception of res judicata where the prior dismissal was on a plea of prescription. In Lowe the Second Circuit noted that the thrust of the argument on appeal was that the plea of prescription was erroneously maintained. The Lowe court declared:
This issue is clearly foreclosed since plaintiff failed to appeal from that judgment. Matters once finally determined by a court of competent jurisdiction can never again be called into question by the parties, or their privies, notwithstanding the decree may have been erroneous and subject to certain reversal upon appeal. (citation omitted). *719 445 So.2d at 107. The Second Circuit affirmed holding that the judgment maintaining the plea of prescription definitively resolved the cause alleged and the thing demanded as between the parties.
In Guidry this Court affirmed and concluded that by maintaining the summary judgment and ruling that the action was barred by prescription the federal court had adjudicated the merits of the prescription issue and the federal court judgment became definitive when it was not appealed. The court stated:
In essence plaintiffs are arguing that the Federal decision is wrong and that this Court should correct it. That issue is closed. Matters that are finally determined by a court of competent jurisdiction cannot be called into question again by the parties notwithstanding that the judgment may have been erroneous and was subject to reversal on appeal. Plaintiffs did not appeal the federal adjudication.
* * * * * *
A court of competent jurisdiction (the Federal District Court) has ruled that the relief plaintiffs' [sic] seek is barred by prescription. When no appeal was taken from that judgment, it became final. This matter cannot be litigated again, it is res judicata. (citations omitted).
Guidry, 545 So.2d at 570-571.
As to the federal and state actions questioned herein, there exists identity of the parties, of the cause and the thing demanded. The summary judgment granted by the federal district court was based on a finding that the Fust lawsuit had prescribed (whether correct or not) and it is a final judgment which resolves the alleged cause and thing demanded as between the parties.
The trial court correctly maintained the exception of res judicata and denied the motion for a new trial.
AFFIRMED.
NOTES
[1] Those cases do not deal with prescription. McNeal v. State Farm Mutual Automobile Insurance Company, 278 So.2d at 108, involved a judgment from another state that dismissed plaintiff's suit for lack of standing; Spinato v. Lowe, 240 La. 451, 123 So.2d 884 (1960) involved a dismissal of the suit on appeal as being moot; Tucker v. New Orleans Laundries, Inc., 238 La. 207, 114 So.2d 866 (1959) involved an exception as to jurisdiction; Weiser v. DiCristina, 221 La. 306, 59 So.2d 401 (1952) involved a dismissal of plaintiff's prior suit by the appellate court without considering the reconventional demand subsequently asserted.