LOBRANO, Judge.
This appeal arises from a judgment in favor of defendant-appellee, the State of Louisiana, Department of Revenue and Taxation (the State) and against plaintiff-appellant, Donaldson L. Steckler granting the State’s exception of res judicata in a suit brought by Steckler for a refund of inheritance taxes.
*166 FACTS AND PROCEDURAL HISTORY:
Ida Delaune McGuire died on February 24, 1984. Decedent left a will in statutory form dated June 22, 1983 naming her nephew, Donaldson L. Steckler, executor. This will was probated and letters testamentary were issued to Steckler on March 14, 1984.
On May 2, 1984, decedent’s grandnephew, Robert J. Steckler, filed a Petition to Annul the June 22, 1983 testament alleging decedent was not of sound mind at the time of its execution, was unduly influenced by Donaldson L. Steckler and that a prior will dated January 22, 1983 names Robert J. Steckler a legatee. Consequently an injunction was issued by the district court on May 18, 1984 prohibiting Donaldson L. Steckler from alienating, hypothecating, etc. any of the assets of the succession and from performing any other acts of administration.
On January 24, 1985, Robert J. Steckler filed a motion to dismiss his petition effectively recognizing the validity of the June 22, 1983 will. Subsequently, a consent judgment was entered into by the parties vacating the injunction which had been ordered.
Shortly thereafter, Steckler placed all of the properties of the succession on the market to raise funds to pay the federal estate and state inheritance taxes. At that time the asking price for the immovable property of the succession was the appraised value as submitted by J. Keith Hardee, a professional appraiser.
On or about May 25, 1985, Steckler filed a Louisiana Inheritance Tax Return for decedent’s succession with the Department of Revenue and Taxation. The values submitted by Hardee were used to compute both the federal estate and state inheritance taxes.
On January 19, 1987, the State sent Steckler a “Notice of Taxes Due” in the amount of $58,543.00 together with interest to January 19, 1987 in the amount of $8,490.89, less a payment and credit of $15,000.00 for a total due of $52,033.89. No further payment was made by Steckler.
Consequently, on May 29, 1987, the State filed a “Rule to Determine Inheritance Taxes Due” pursuant to Code of Civil Procedure Article 2954.[1] On June 15, 1987, the district court rendered judgment decreeing that taxes were due the State in the amount of $52,033.89 plus interest at the rate of 12% per annum from January 19, 1987 until paid. This judgment was not appealed.
Due to a lack of any offers to purchase the immovable property of the succession, Steckler retained the services of Gulf South Appraisal Company, a professional appraiser experienced in appraising rural real estate. Norbert F. Schexnayder, Jr. of Gulf South prepared an analysis of the properties and appraised their values as of the date of decedent’s death. Gulf South’s appraisal was $198,226.00 less than Har-dee’s which had been used to compute estate and inheritance tax returns.
In July of 1990, Steckler sold two parcels of succession property for $300,000.00, a price of $150,000.00 less than Hardee’s original appraisal and $62,000.00 less than Gulf South’s appraisal. Following this sale, Steckler paid all remaining taxes and debts of the succession including $70,-757.38 in state inheritance taxes which included interest from January 19, 1987.
Steckler immediately filed for and was granted a reduction of the federal estate taxes by the Internal Revenue Service. Application was made to the State for a similar reduction pursuant to La.R.S. 47:2451.[2] The amount of the refund re *167 quested was $12,014.00 which sum reflected the reduced fair market value as assessed by Gulf South. Steckler’s claim was denied August 1, 1990.
On August 16, 1990, pursuant to paragraph “B” of La.R.S. 47:2451, Steckler filed a “Motion to Refund Overpayment of Inheritance Taxes and For a Reduction of Interest Paid”. The state countered with an exception of res judicata arguing the amount of taxes due was judicially determined by final judgment of June 1, 1987. The trial court granted the State’s exception and this appeal followed.
At the time the trial court decided this matter, res judicata was applicable in those instances where the parties were the same, the demand was the same, and the demand was founded on the same cause of action. La.R.S. 13:4231;[3] Sun Finance Co. Inc. v. Jackson, 525 So.2d 532 (La.1988). In Fust v. Fontenelle, 558 So.2d 715 (La.App. 4th Cir.1990), this court provided a succinct analysis and application of the principle of res judicata. We held that:
[[Image here]]
“A final judgment has the authority of res judicata only as to those issues in the pleadings and conclusively adjudicated by that court; where any doubt exists the second suit will be maintained.” Id. at 717. at pps. 716-717 (emphasis added)
Steckler asserts that the Rule filed by the State was brought because the balance of the taxes had not been paid, not because there was an existing dispute over land values. The State argues that the Rule and the resulting June 15, 1987 judgment adjudicated all matters on the inheritance tax return. As the exceptor, the State had the burden of proving that its prior rule conclusively adjudicated the issue of property values. The record does not show that they carried their burden. There is no evidence to suggest that the fair market value of the succession property was at issue or adjudicated in the prior hearing. Res judiciata is inapplicable.
For the foregoing reasons, the judgment of the trial court is reversed. This matter is remanded for further proceedings.
REVERSED AND REMANDED.
SCHOTT, C.J., and WILLIAMS, J., concur with reasons.

. La.C.C.P. Art. 2954 reads in pertinent part:
******
"If, after receipt of the inheritance tax return, the collector of revenue contends that additional inheritance taxes are due, the collector of revenue may rule the heirs and legatees into court to show cause why the inheritance taxes due by each heir and legatee should not be determined judicially. On the trial of this rule, the court shall render judgment against each heir and legatee for the tax due by him, or against the collector of revenue decreeing that no taxes are due."
******

. La.R.S. 47:2451 provides:
“(A) Claims for refund of any erroneous payment or overpayment made of inheritance, succession, legacy or estate taxes paid to the secre *167 tary of the Department of Revenue and Taxation shall be filed with the secretary:
(1) Within fifteen months from the time said erroneous payment or overpayment was made by the taxpayer; or
(2) Within six months after the judgment of the highest court in which any succession contest between the heirs and legatees becomes final; or
(3) Within six months after a payment of federal estate tax, as to which tax a credit was allowed under the United States Internal Revenue Code for death taxes paid to the state of Louisiana, is refunded, in whole or in part, or a judgment of the court for such refund becomes final, whichever is later; or
(4) Within ninety days after filing an amended federal estate-tax return if the credit allowed for death taxes paid to the state of Louisiana was reduced from the federal estate tax return filed immediately prior to the amended return.
(B) In the event the claim is denied, then suit may be instituted by the taxpayer within ninety days after the denial of the claim for the recovery of the erroneous payment or overpayment against the secretary of the Department of Revenue and Taxation.
(C) The state treasurer shall pay any amount recovered out of the general fund.”

. At the time of these proceedings, La.R.S. 13:4231 provided:
"The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
NOTE: Acts 1990, No 521, effective January 1, 1991 reenacted La.R.S. 13:4231 which broaden the scope of res judicata plea.