**Kurt L. CHARPENTIER, et al.**

v.

**BG WIRE ROPE & SLINGS, INC.**

Civ. A. No. 94–2078.

United States District Court,
E.D. Louisiana.

Nov. 2, 1994.

David W. Arceneaux, Houma, LA, for appellants Kurt L. Charpentier, Tommy C. Dyson.

Jack C. Caldwell, Milling, Benson, Woodward, Hillyer, Pierson & Miller, Lafayette, LA, for appellee BG Wire Rope & Slings, Inc.

## ORDER AND REASONS

McNAMARA, District Judge.

Before the court is the appeal of Kurt L. Charpentier and Tommy C. Dyson ("Debtors") from the judgment issued by the United States Bankruptcy Court in Bankruptcy No. 93–13199, Adversary No. 93–1319. Appellee, BG Wire Rope and Slings, Inc. ("BG"), filed a response brief. The matter is before the court on briefs, without oral argument. Having considered the briefs of counsel, the record below and the applicable law, the court finds that the Bankruptcy Court's Order should be affirmed.

## I. BACKGROUND

The appellee, BG, is a Louisiana Corporation owned 52% by Jimmy L. Dyson. His brother, Tommy C. Dyson, and Kurt Charpentier, appellants, together own the remaining 48% of the corporation.

On June 25, 1992, judgment was rendered in the 32nd Judicial District Court of Louisiana, Terrebonne Parish, in the proceeding entitled *BG Wire Rope and Slings, Inc. v. Tommy C. Dyson, et al.,* docket number 101982. Judgment was rendered against Debtors, in favor of BG, for breach of their fiduciary duties to the corporation.

On September 3, 1993, each of the debtors filed for relief under Chapter 7 of the Bankruptcy Code. BG then instituted adversary proceedings against each debtor in the Bankruptcy Court seeking to have declared non-dischargeable its judgment against debtors pursuant to 11 U.S.C. § 523(a)(4) which provides in pertinent part as follows:

(a) A discharge under § 727, ... of this title does not discharge a debtor from any debt

(4) for fraud or defalcation while acting in a fiduciary capacity, ....

On March 4, 1994, BG filed a motion for summary judgment and a memorandum in support attaching as evidence a copy of the state court judgment, the reasons for judgment, the state court petition, and an affidavit from Jimmy L. Dyson. On April 29, 1994, the Bankruptcy Court granted summary judgment in favor of BG finding 1) that the same issues involved in BG's objection to the discharge were litigated in the state court proceedings; 2) that the state court's finding that Debtors had breached their fiduciary duties owed to the corporation are considered to be defalcation within the meaning of § 523(a)(4); 3) that the state court findings had preclusive effect on the Bankruptcy Court; and 4) that therefore Debtors were to be denied a discharge as to the debts arising under the state court judgment.

The debtors appeal from the findings of the bankruptcy court arguing 1) that the state court judge improperly imposed the burden of proof on the Debtors to exonerate themselves from the breach of fiduciary duty claim; and 2) that the bankruptcy court erroneously relied on the judgment of the state court in finding that the judgment against Debtors was nondischargeable.

## II. LEGAL ANALYSIS

### A. The Conclusiveness of the State Court Decision

■ The court will not address the correctness of the state court's judgment and the state court's allocation of the burden of proof on the breach of fiduciary duty claim because regardless of the correctness of the decision, it is a final judgment in which the issues were conclusively decided; therefore, this court has no power of review over the state court's decision.

Louisiana law provides the following with respect to the finality of judgments:

Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent: ...

(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

La.Rev.Stat. ann. 13:4231 (West 1991).

■ A judgment becomes final within the meaning of the *res judicata* statute once the delays for appealing from a judgment elapse. *Thomas v. Dept. of Corrections,* 430 So.2d 1153, *writ denied,* 435 So.2d 432 and 438 So.2d 566 (La.App.1983). At that point, "[m]atters once finally determined by a court of competent jurisdiction can never again be called into question by the parties, or their privies, notwithstanding the decree may have been erroneous and subject to certain reversal on appeal." *Lowe v. Rivers,* 445 So.2d 105, 107 (La.App.2d Cir.1984).

The state court judgment, over which appellant seeks review, became final when the delays for appeal ran. Therefore, as between the Debtor and BG, all of the issues decided by the state court are conclusive, and cannot be reviewed by the Bankruptcy Court or this court.

■ In particular, in the state court proceedings the issue of the Debtors' bad faith in dealing with the corporation was actually litigated and conclusively decided and therefore this court lacks the power to review the burden of proof applied or any other issues with respect to that judgment. The proper method to question the state court's judgment was by appeal from the judgment.

### B. Application of Res Judicata Principle Regarding the State Court's Bad Faith Determination

■ Appellants argue that the Bankruptcy Court should not be allowed to invoke principles of *res judicata* in its application of the elements of § 523(a)(4) regarding the nondischargeability of certain debts.

■ The United States Supreme Court recently reaffirmed that issue preclusion principles apply in section 532(a) discharge proceedings. *Matter of Davis,* 3 F.3d 113, 114 (5th Cir.1993) (citing *Grogan v. Garner,* 498 U.S. 279, 284 n. 4, 111 S.Ct. 654, 658 n. 11, 112 L.Ed.2d 755 (1991)). The Fifth Circuit

recognizes the following three requirements for application of issue preclusion:

(1) [T]he issue to be precluded must be identical to that involved in the prior action; (2) in the prior action the issue must have been actually litigated; and (3) the determination made of the issue in the prior action must have been necessary to the resulting judgment.

*Id.* (citing *In re Shuler*, 722 F.2d 1253, 1256 n. 2 (5th Cir.1984)).[1]

 The issue raised by BG in the bankruptcy proceedings was whether Debtors' acts constituted "fraud or defalcation while acting in a fiduciary capacity" so as to make their debt nondischargeable. A "defalcation" is a "willful neglect of duty, even if not accompanied by fraud or embezzlement." *Matter of Moreno*, 892 F.2d 417, 421 (5th Cir.1990). Consequently, for purposes of applying the doctrine of issue preclusion, the key question is whether the state court made a determination as to whether the Debtors committed fraud or defalcation while acting in a fiduciary capacity.

The state court judge issued a 67 page Reasons for Judgment in which he outlined each of the contested acts of the Debtors and made rulings regarding each act. The court found numerous acts of self-dealing, concealment, and personal profit made by Debtors, all constituting breaches of their fiduciary duties to the corporation. The determination of these issues was necessary to the state court's judgment. Furthermore, the breach of fiduciary duty determinations made by the state court judge are identical to the ones needed to be made in a bankruptcy proceeding in which the creditor invokes section 523(a)(4).

Therefore, the Bankruptcy Court correctly found that the doctrine of issue preclusion prevents the Debtors from relitigating the issue of the willful breach of their fiduciary duties owed to the corporation. The Bankruptcy Court also was correct in finding that such acts constitute defalcation while acting in a fiduciary capacity.

**1.** The requirements for issue preclusion under Louisiana state law are identical. *See* La.Rev.

---

### III. CONCLUSION

For the reasons set forth above, the Bankruptcy Court's granting of summary judgment in favor of BG finding that Debtors' debt to BG is not dischargeable under section 523(a)(4) of the Bankruptcy Code is AFFIRMED.

Stat. ann. 13: 4231(3) (West 1991).