11JONES, Judge.
Plaintiff, Emile J. Camaille, Jr. appeals the trial court’s judgment granting defendants’ Exceptions of Res Judicata and No Cause of Action in this legal malpractice cause of action.
Camaille’s allegations of malpractice arise out of the dismissal of his personal injury action against Shell Oil Company and its insurer in 1983. The action was dismissed for want of prosecution on motions of the defendants. In 1989, Camaille filed a malpractice claim against defendants in the 24th Judicial District Court for the Parish of Jefferson on July 6,1989. Defendants excepted to the claims as having prescribed. Defendants’ exception was sustained and the claims against defendants were dismissed. Camaille appealed unsuccessfully to the Louisiana Fifth Circuit Court of Appeal. That Court rendered a March 13, 1991 opinion summarizing the pertinent facts as follows:
Here, Camaille retained attorney Charles Dittmer to prosecute a claim against Shell Oil Company. On October 19, 1982, Cam-aille picked up his papers from the attorney. On December 20, 1983, Camaille’s suit in the 24th Judicial District Court was dismissed because no steps had been taken by either party from ^August 5, 1977 until August 24, 1982, when the motion to dis *428 miss was filed, a period in excess of five years.
In 1987, Camaille alleges that he became aware of the dismissal. He filed a complaint with the Louisiana State Bar Association. Following an investigation, the LSBA, on May 12, 1988, informed Camaille that there had been no unethical conduct on the part of Dittmer or his law firm. The LSBA’s letter, in part, stated:
... it appears that you picked up your file from the law firm in 1982 and that your case was dismissed for lack of timely pursuit in 1983. None of the lawyers involved had anything to do with that prescription and, as stated to you by Ms. Contogno, it was incumbent upon you to have secured legal counsel to represent you timely.
On May 23, 1988, the LSBA sent another letter to Camaille, saying:
Your unsigned letter of May 16, 1988 was received, as well as your letter of May 19th. I once again evaluated the content of the above-numbered file. As stated to you previously, the Committee felt that the file was in your possession at the time it became abandoned and was not in the possession of any attorney against [sic] you have filed complaints. As a matter of fact, I am attaching a copy of your letter of July 10, 1987, again unsigned, to Ms. Cotogno, wherein you stated that you picked up your file in October or November of 1982. At that time, a Mr. Bain was to represent you, but you stated in your letter that you had decided to await the graduation of some friend from law school who would then handle the matter. In 1983, apparently a motion was filed dismissing your case because, under the rule of law, your case was declared abandoned.
Unfortunately, you are under the mistaken belief that you had more time in which to act, whereas time had already run.
In summary, therefore, at the time you picked up your file, the ease had not been declared abandoned by the formal decree | gof the court. Therefore, it was not in the hands of an attorney at the time such action was taken in 1983.
I once again regret the outcome of this matter, but I do not have sufficient evidence or a change of facts to request that the court appointed committee reconsider the matter. Their decision was based upon the same facts now available.
Camaille then filed a motion in district court to annul the judgment dismissing his claims against Shell. The motion was denied. The Fifth Circuit Court of Appeal affirmed, and the Supreme Court of Louisiana denied writs on June 30, 1989....
Camaille v. Martzell, 579 So.2d 1023, 1024-1025 (La.App. 5th Cir.1991) «mí denied, 586 So .2d 537 (La.1991).
The Fifth Circuit Court of Appeal affirmed the trial court’s judgment finding that Cam-aille’s action in malpractice had prescribed.
On December 6, 1991, Camaille filed a second action against defendants in the 22nd Judicial District Court for the Parish of St. Tammany, alleging malpractice against defendants based upon breach of contract. Defendants filed numerous dilatory and declina-tory exceptions, including one of improper venue, but specifically reserved their right to plead exceptions of res judicata and no cause of action, since venue was improper as alleged on the face of the pleading. On April 28, 1992, defendants’ exception of improper venue was granted and the case transferred to Civil District Court for the Parish of Orleans. Defendants reurged their Exceptions of Res Judicata and No Cause of Action in Civil District Court. Initially the trial court overruled defendants’ Exception of Res Judi-cata and sustained defendants’ Exception of No Right of Action but gave Camaille twenty days to amend his complaint to state a cause of action. Additionally Camaille named as defendants Shell Oil Co. and its insurer, the defendants in the underlying personal injury lawsuit which was Udismissed as abandoned in 1983. On December 13, 1993, the trial court dismissed Camaille’s claims as to the Shell Oil defendants and imposed sanctions on Camaille in the amount of $500.00. On July 29, 1994, the trial court rendered judgment maintaining defendants’ Exception of Res Judicata and granting defendants’ Ex *429 ception of No Cause of Action. Camaille appeals the trial court’s dismissal of his action against defendants.
Emile Camaille has proceeded pro se in pursuing his malpractice cause of action. He assigns three assignments of error by the trial court. By his first assignment of error Camaille argues that by virtue of defendants’ negligence a nonsuit issued in his personal injury cause of action against Shell Oil. Camaille argues that pursuant to La.R.S. 37:217, relative to nonsuit, defendants are obligated to pay the damages he suffered.
Camaille appears to be under the mistaken belief that defendants had his personal injury cause of action voluntarily dismissed pursuant to article 1671 of the Louisiana Code of Civil Procedure. Camaille is in error. His personal injury action was dismissed as abandoned under La.C.C.P. article 561 upon motion by Shell Oil Co. and its insurer. Cam-aille is not entitled to the remedies provided for nonsuit in La.R.S. 37:217 which are available to a party who suffers damages associated with nonsuit because of his attorney’s absence or neglect without reasonable excuse. At the time that his personal injury cause of action was dismissed Camaille had discharged defendants from representing him any further.
By his second assignment of error, Cam-aille argues that the trial court erred in dismissing his malpractice cause of action as prescribed because defendants interrupted prescription by their conduct in 1) paying court costs, 2) voluntarily abandoning his personal injury cause of action against Shell Oil Rand 3) responding to Shell Oil Company’s Motion to Dismiss and failing to inform him of their actions.
As to his first complaint, Camaille does not offer dates or proof that the court costs in his personal injury cause of action were paid by defendants. Nor is it clear to this court how defendants payment of court costs would have interrupted prescription. The act of malpractice that Camaille is alleging is the dismissal of his personal injury cause of action as abandoned in 1983. Court costs would have been paid at that same time. Prescription began to run as of the date the tort claim was dismissed in 1983 but Camaille did not file his malpractice cause of action until 1989 — six years later.
As already discussed, defendants did not voluntarily dismiss Camaille’s personal injury cause of action as Camaille alleges in his second complaint. Camaille fired Charles Dittmer in 1978, several years prior to the Shell Oil defendants’ motion to dismiss Cam-aille’s personal injury cause of action as abandoned.
Finally, by his third complaint, Cam-aille argues that defendants responded to the motion to dismiss his personal injury cause of action. Camaille does not indicate in what way defendants responded to the motion to dismiss. Defendants represented to the LSBA Disciplinary Council in their investigation of this matter that they did not know that Camaille’s cause of action was dismissed in 1983. Neither Jack Martzell or any member of his law firm was served with the motions or subsequent orders nor were they copied by Shell Oil Company or its attorneys. In fact, defendants argue that neither did Jack Martzell or any member of his law firm have contact with Camaille from 1978 when his firm was discharged by Camaille until September of 1982 when Camaille requested that his file be returned to him. We do not find that prescription was interrupted in any of the ways Camaille alleges.
|6By his third assignment of error Camaille argues that under La.C.C. article 3467 he is entitled to plead contra non valen-tem because no court has considered his claim for damages under La.R.S. 37:217 relative to attorney liability for nonsuit. This assignment lacks merit in that La.R.S. 37:217 only offers a remedy for nonsuit which Cam-aille was not entitled to in this case. Furthermore, Camaille argued contra non valen-tem in his previous appeal and in the opinion pursuant to that appeal the Court instructed Camaille that the principle of contra non valentem operates to prevent the running of liberative prescription in very limited circumstances; namely:
(1) where there was some legal cause which prevented the courts or their offi *430 cers from taking cognizance of or acting on the plaintiffs action;
(2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting;
(3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action;
(4) where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant.
In its opinion, the Fifth Circuit Court of Appeal pointed out that the two letters written by Camaille to the LSBA show beyond doubt that Camaille knew that his district court case against Shell had been dismissed “... for lack of timely pursuit in 1983.” The Fifth Circuit held: “Accordingly, the tort action filed on July 6, 1989 was untimely, the doctrine of contra non valentem notwithstanding.”
Defendants argue that the trial court’s judgment maintaining their Exception of Res Judicata is correct. Defendants rely on Guidry v. Bayly, Martin and Fay of Louisiana, Inc., 545 So.2d 567 (La.App. 4th Cir.1989), to argue that where the previous tort action brought by Camaille against defendants based on the same operative facts was dismissed on grounds of ^prescription, Camaille’s present contract action is barred. In Guidry this Court’s holding that a previous tort action barred a later cause of action in contract was on the grounds that 1) the relief sought was the same and 2) under Louisiana’s “fact pleading” approach to presenting a claim, once a court has ruled that the relief sought is barred by prescription the matter is res judicata. Defendants argue that because the courts found that Camaille’s action sounded in tort, the matter has been decided and Camaille cannot relitigate it by construing his cause of action as one in contract.
We need not address the issue of whether this matter is res judicata because Camaille has not properly pled a cause of action in contract. In none of his pleadings does he assert that defendants’ firm warranted a specific result or that defendants’ firm did nothing whatsoever in pursuit of his claim. We affirm the trial court’s judgment granting defendants’ Exception of No Cause of Action.
Defendants answered the appeal to argue that they are entitled to sanctions in the amount of $5003.82 for Camaille’s frivolous appeal. This amount represents litigation costs. Specifically these costs are for pleadings prepared, court appearances made and time expended, both in the district court and on appeal. Defendants argue that sanctions are warranted where Camaille failed to make an objective and reasonable inquiry into the facts and law surrounding the claims being made. Loyola v. A Touch of Class Transportation Service, Inc., 580 So.2d 506 (La.App. 4th Cir.1991). Additionally, defendants argue that Camaille’s continued litigation constitutes harassment and his motives are merely vindictive. Relying on Bankston v. Alexandria Neurosurgical Clinics, 583 So.2d 1148, 1154-55 (La.App. 3d Cir.1991) defendants argue that Camaille is subject to sanctions despite the fact that he has proceeded pro se.
IgLa.C.C.P. article 863 allows a court to impose sanctions when a party has incurred unjustified expenses due to pleadings filed in court which have been signed and certified by opposing counsel as being in good faith. We cannot say, where Camaille is proceeding pro se, that he is not acting in good faith by taking this appeal. However, the assignments of error raised by this appeal have been raised before and found to be without merit. These assignments of error have been adequately addressed by the courts and Camaille is put on notice that they have no support in law or fact. Thus, we decline at this time to award sanctions. Costs of the appeal are assessed to appellant.

AFFIRMED.