## CRANE v. TRANS–OCEAN AIRLINES.

### No. 7282.

District Court, Alaska.
Fourth Division, Fairbanks.
April 27, 1953.

Warren A. Taylor, of Fairbanks, Alaska, for plaintiff.

Walter Sczudlo (of Collins & Clasby), of Fairbanks, Alaska, for defendant.

PRATT, District Judge.

(1) The complaint in the above-entitled action, which was commenced in the Fourth Judicial Division, states in substance:

(a) That plaintiff was duly appointed administrator of said estate by the Probate Court of the Kobuck-Noatak Precinct, Second Division, Territory of Alaska, upon the 27th day of December, 1952, and duly qualified immediately;

(b) That the defendant is a California corporation which never filed its articles of incorporation "with the Commissioner of Corporations of the Territory of Alaska";

(c) That upon the 27th day of December, 1951, the deceased Joseph E. Wheeler was a fare-paying passenger upon an airplane operated by the defendant between Point Barrow, Alaska, and Fairbanks, Alaska, which plane crashed, and said Joseph E. Wheeler was instantly killed through the negligence of defendant's employees.

(2) Section 36-2-1, "Conditions to doing business", Alaska Compiled Laws Annotated 1949, provides:

(a) That no foreign corporation shall engage in business within the Territory of Alaska without first having filed in the office of the *Auditor* of the Territory of Alaska and in the office of the Clerk of the District Court for the Judicial Division wherein it intends to engage in business, the following papers, to wit:

(1) An authenicated copy of the articles of incorporation of the corporation;

(2) A statement verified by the oath of the president or other acting head of the corporation and attested by a majority of its Board of Directors showing:

(a) The name of the corporation and the location of its principal place of business without the Territory, and if it has any place of business or principal office within the Territory the location thereof;

(b) The amount of capital stock of such corporation;

(c) The amount of capital stock of the corporation actually paid in in money;

(d) The amount of capital stock of the corporation paid in in any way other than in money and in what;

(e) The amount of assets of the corporation and of what the assets consist and the actual cash value thereof;

(f) The liabilities of the corporation, and how secured and upon what property.

(3) A certificate under the seal of the corporation and the signature of its president or acting head certifying that such corporation has consented to be sued in the courts of Alaska upon all causes of action arising against it in the Territory and that service of process may be made upon some person, a resident of the Territory, whose name and place of residence shall be designated in such certificate. Such agent shall reside in the community wherein a clerk of the district court, deputy clerk of the district court, United States marshal, or deputy United States marshal maintains an

office and within the judicial division wherein such corporation does business or maintains its principal business office. Such service, when so made upon such agent, shall be valid service upon the corporation. Provided, however, that if said corporation shall maintain offices in more than one division of the Territory, then one such service agent shall be maintained in each division in which said corporation does business or maintains offices, and the certificate required herein shall designate the names of each of said agents and each shall be qualified as hereinabove required.

In case such corporation shall have failed to comply with the above provisions for the appointment of an agent in each division of the Territory upon whom process may be served, or shall fail to comply with the provisions of section 36–2–4, A.C.L.A. 1949, "such process may be served upon the clerk of the court of the judicial division in which a cause of action, civil or criminal, may arise against such corporation or company, and such service shall be taken and held in all courts to be valid and binding."

When process is served upon the Clerk of Court, he shall immediately forward a copy thereof by registered mail to the secretary of the corporation sued; and shall make return of said summons to the court whence it issued, showing the date of its receipt by him, the date of forwarding said copy, and the name and address of the person to whom he forwarded said copy.

(3) Section 55–4–6, Alaska Compiled Laws Annotated 1949, provides: "* * * if the action be against a foreign corporation doing business in the Territory, if it has not appointed as a statutory agent upon whom service can be made, or if it has appointed such statutory agent and service cannot be made upon such agent, then to the person having control of the business of such foreign corporation or upon the Clerk of the District Court of the division, in which such corporation is doing or has been doing business, and the Clerk of the District Court is hereby directed to send a certified copy of the summons and complaint to the home office of said corporation. If the home office of the corporation cannot be as-

certained * * * an affidavit so showing shall be made and filed in the cause. The service so made upon the clerk shall be valid service upon the corporation."

The marshal's return on the summons in this case is as follows:

"Return on Service of Writ

"I hereby certify and return, that on the 13th day of October 1952, I received this summons and served it together with the complaint herein as follows:

by delivering a true copy thereof, together with a copy of the complaint therein referred to, and certified to be such copy by the plaintiff's attorney of record, to John B. Hall, Clerk of the District Court for the Fourth Division, District of Alaska, there being no agent of service or other responsible official of the defendant company known within the District, on the 13th day of October, 1952, at Fairbanks, Alaska.

"Francis X. Chapados
United States Marshal
(signed) By Arthur S. Bremer
Deputy United States Marshal."

Not one of the conditions for doing business, mentioned in Section 36–2–1, A.C.L.A. 1949, has been complied with by the plaintiff.

Paragraph II of the complaint states that the defendant has not filed its articles of incorporation with "the Commissioner of Corporations of the Territory," whereas the law required such articles to be filed with the *Auditor* of the Territory.

There is no allegation as to where the plane mentioned in said complaint crashed. Nor is it shown that defendant was doing business in Alaska at the time of the accident unless it was sufficiently shown by the allegation that Joseph E. Wheeler was a fare-paying passenger.

In consequence of the matters mentioned in the above sections, it appears clear that the above-mentioned court has not gained jurisdiction of the defendant and that the motion to quash should be allowed without prejudice to the plaintiff filing, within twenty days after notice, an amended complaint.