593 So.2d 421 (1991)
Brian Matthew WHITE
v.
Joey M. HAYDEL, Louisiana Insurance Guaranty Association (Champion in Liquidation).
No. CA 90 1875.
Court of Appeal of Louisiana, First Circuit.
December 27, 1991.
William G. Davis, Baton Rouge, for plaintiff-appellant, Brian Matthew White.
Henry G. Terhoeve, Baton Rouge, for defendant-appellee, Joey M. Haydel, et al.
Before WATKINS, CARTER and FOIL, JJ.
FOIL, Judge.
Plaintiff appeals from the judgment of the trial court granting defendant's exception of prescription and dismissing plaintiff's suit. We affirm.

FACTS
Plaintiff, Brian Matthew White, was involved in an automobile accident with defendant, Joey M. Haydel, on December 15, 1988. At the time of the accident, Mr. Haydel was insured by Champion Insurance Company (Champion). On March 29, 1990, Mr. White filed suit for damages against Mr. Haydel and Louisiana Insurance Guaranty Association (LIGA), the proper defendant pursuant to Champion's insolvency.
LIGA excepted to plaintiff's petition, raising the objection of prescription. It claimed that, on the face of the petition, the cause of action was prescribed because suit was filed more than one year after the accident occurred.
In response to LIGA's peremptory exception, Mr. White amended his petition to set forth additional facts to show that the *422 cause of action had not prescribed. He stated that the trial judge presiding over Champion's liquidation issued a stay order on June 5, 1989, staying all causes of action against Champion for 120 days, or until October 3, 1989, to permit proper defense by LIGA. Mr. White claimed that the stay order interrupted and/or suspended the running of prescription for the duration of the order and, accordingly, his action had not prescribed. After a hearing, the trial court granted LIGA's exception and dismissed Mr. White's lawsuit.

PRESCRIPTION
Mr. White appealed the judgment of the trial court sustaining LIGA's exception of prescription. He argues that the court erred in not finding that the stay order suspended prescription. Essentially, he claims that the stay order had the effect of giving him an additional 120 days after the normal prescriptive period in which to file suit. We disagree.
At the time Champion was declared insolvent, La.R.S. 22:1392 provided in pertinent part:
All proceedings in which the insolvent insurer is a party or is obligated to defend a party in any court in this state shall be stayed for sixty days from the date the insolvency is determined to permit proper defense by the association of all pending causes of action. [Emphasis added]
The evidence shows that the trial judge in the liquidation proceeding issued a stay order as required and then extended it for an additional sixty days. The issue on appeal is whether prescription was suspended during the stay of proceedings pursuant to La.R.S. 22:1392.
In the section of the Louisiana Civil Code concerning the suspension of prescription, Article 3467 provides that "[p]rescription runs against all persons unless exception is established by legislation." Clearly, La. R.S. 22:1392 does not provide for suspension of prescription of potential suits against insolvent insurers. It does not prohibit the filing of suit against LIGA or the insolvent insurer. On the contrary, the statute merely provides for a stay of all pending causes of action. In oral reasons for the judgment sustaining the exception of prescription, the trial court stated in part:
[W]e're dealing with a specific situation which is covered by statute and which says that prescription can be extended only by legislation. We don't have legislation in this instance, and more specifically the stay order itself does not proscribe or prohibit the filing of suit, but merely the prosecution of any pending litigation against Champion Insurance Company while the stay order is in effect.... [T]he stay order issued by the 19th Judicial District Court did not prohibit a potential creditor from filing a suit, but only from prosecuting the suit once the suit was filed....
We agree with the trial court and find that plaintiff's cause of action prescribed, and the trial court was correct in granting the exception of prescription filed by LIGA.
Judgment is affirmed. Costs of this appeal are assessed to plaintiff, Brian Matthew White.
AFFIRMED.