591 So.2d 1364 (1991)
Freddie LEE, Sr. and Delores Brown
v.
CHAMPION INSURANCE COMPANY and Louisiana Insurance Guaranty Association.
No. 91-CA-0672.
Court of Appeal of Louisiana, Fourth Circuit.
December 30, 1991.
Gerald J. Leydecker, Rene Lovelace, New Orleans, for Freddie Lee, Sr. and Delores Brown.
Dwight L. Acomb, William F. Bologna, Habans, Bologna & Carriere, New Orleans, for Champion Ins. Co., and Louisiana Ins. Guar. Ass'n.
Before KLEES and WARD, JJ., and GULOTTA, J. Pro Tem.
WARD, Judge.
In December of 1987, Freddie Lee Sr. and Delores Brown, his passenger, were *1365 side-swiped by a vehicle driven by an uninsured motorist. Lee was insured by Champion Insurance Company and had uninsured motorist coverage. LSA-R.S. 9:5629 bars filing of lawsuits claiming uninsured motorist damages unless those lawsuits are filed within two years from the date of the accident. Mr. Lee and Ms. Brown filed suit March 13, 1990, more than two years after the accident occurred. Lee and Brown argue that prescription has not run because Champion, the uninsured motorist carrier, had been placed in liquidation by a court order which either extended the time for filing suits or barred the filing of suits during liquidation proceedings.
On June 5, 1989, the Nineteenth Judicial District Court ordered Champion liquidated and appointed the Honorable Frederick Ellis as liquidator. On June 19, 1989, Judge Ellis as liquidator sent notice of liquidation proceedings to interested parties. Mr. Lee and Ms. Brown say they relied upon this notice which is styled:
"Notice to Policyholder, Creditors, Attorneys, and Others".
In one paragraph it said:
"All claims or potential claims against Champion must be received with proper proof of loss by July 5, 1990 at 5:00 P.M."
In another paragraph it says:
"Notice of Abatement of Legal Proceedings The Louisiana Insurance Code, LSA-R.S. 22:732, et. seq. and the Trial Court's orders stay all suits and seizures against Champion Insurance Company and prohibit the commencement or maintenance of any action or proceeding in the nature of an attachment, garnishment, or execution against Champion Insurance Company or its agents."
When Lee and Brown filed suit on March 13, 1990 they named Louisiana Insurance Guaranty Association as a defendant because of the insolvency of Champion. On June 5, 1990, LIGA filed a peremptory exception of prescription which the Trial Court denied. LIGA filed a Notice of Intention to Apply for Supervisory Writs but never acted upon it, possibly because they decided to file a motion for a summary judgement before the judge to whom the case was assigned for trial. On November 21, 1990 LIGA filed the Motion for Summary Judgment. Although styled differently, the Motion was based on the law of prescription and the issue was the same as that litigated in the peremptory exception. The Trial Court to which the case was assigned for trial rendered a summary judgment in favor of LIGA, and Mr. Lee and Ms. Brown appeal the Trial Court's decision, arguing a procedural issue and the merits of prescription:
I. The judgment of the Trial Court overruling the Exception of Prescription was a final judgment; therefore, the Trial Court's subsequent granting of the Motion for Summary Judgment on the issue of prescription was in error.
II. The liquidation order legally restrained them from proceeding against Champion Insurance Company until July 5, 1990; therefore, the suit filed on March 13, 1990, had not prescribed.
A ruling which sustains a peremptory exception of prescription is a final judgment, because obviously, that ends the case for the losing party. Those cases cited by Lee and Brown, Fust v. Fontenelle, 558 So.2d 715 (La.App. 4th Cir.1990); Lowe v. Rivers, 445 So.2d 105 (La.App. 2nd Cir.1984), and others, merely stand for that rule. A Trial Court ruling denying summary judgment is an interlocutory judgment, which may not be immediately appealed, but is subject to immediate review only by supervisory writs. However, quite obviously, that ruling can be considered on appeal after trial on the merits.
Even so, rulings made between parties in lawsuits should at some time become final and the rule of the case should control. In the instant case the first ruling of the Trial Court on the issue of prescription was erroneously reconsidered by a second judge under the guise of a motion for summary judgement. While the rule of the case *1366 should ordinarily prevail, in this case reversal for that reason is meaningless, because LIGA can raise this same issue on appeal. So in the interest of judicial economy, the merits of the exception of prescription will now be considered.
We do not find any merit to Mr. Lee's and Ms. Brown's contention that they were restrained from filing suit against Champion and LIGA until July 5, 1990. First, the plaintiffs filed on March 13, 1990, some two months before the expiration of the order they claim barred the filing of the lawsuit. Therefore, their argument that they were restrained from filing until July 5, 1990 is inconsistent with their actions, and undermines any belief that they could possibly have been misled.
Next, the notice to policy holders and others, says:
"All claims or potential claims against Champion must be received with proper proof of loss by July 5, 1990 at 5:00 p.m."
This, we believe, means only that the deadline to file a claim against Champion is July 5, 1990. The previously quoted language in that same document does not prohibit the filing of a lawsuit nor does it interrupt or extend prescription. That paragraph merely informs Champion's policy holders that the District Court has stayed all suits and seizures already filed against Champion. The notice does not say that suit cannot be filed, nor does it say that the court order interrupts or suspends the time period to file a suit. In order for the stay order to have any meaning, it presupposes that a timely lawsuit has been filed, otherwise there is no need to stay proceedings that may result in judgments permitting garnishment or execution against Champion.
And most importantly, other language in the notice of the Liquidator tells claimants that the District Court's liquidation order finding Champion insolvent triggers the liability of the Louisiana Insurance Guaranty Association. Neither the Court Order nor the Liquidator's notice could have led reasonable persons to a conclusion that they could not timely file suit.
As a practical matter, when a Court orders liquidation, the liquidator acts a manager, in this case marshalling Champion's assets and paying claims. Just as any insured has a right to make a claim against his insurer, a Champion insured may make a claim against Champion through its liquidator. But, just as in the case of solvent insurers, lawsuits must be timely filed. There can be no confusion about this.
We find that Lee and Brown were not prevented from timely filing suit either by Court order or by the liquidation proceedings. Nor is it reasonble to conclude they were misled by the Liquidator's notice. For the foregoing reasons, we affirm the Trial Court's grant of Summary Judgment in favor of Champion and LIGA.
AFFIRMED.