LOBRANO, Judge.
We granted certiorari to review relators’ argument that plaintiffs suit against them has prescribed.
On September 8, 1993, George Grelle, II filed suit against Peter Youngblood, IV, Liberty Lloyds Insurance Company (Liberty Lloyds), which was Youngblood’s insurer, Lundy’s Enterprise d/b/a Pizza Hut (Lundy), St. Paul Fire and Marine Insurance Company (St. Paul), which was Lundy’s insurer, and State Farm, which was Grelle’s UM insurer. Grelle alleged in his petition that on July 30, 1993 he was in an automobile accident with Youngblood, who was employed by Lundy.
Lundy and St. Paul moved for summary judgment on the grounds that Grelle’s claim was prescribed. They submitted the accident report showing that the accident actually occurred on July 30, 1992, as well as Grelle’s medical records and discovery responses which indicated that the accident occurred July 30, 1992.
Grelle opposed the motion on the basis that a stay had been issued enjoining suits *1292 against Liberty Lloyds, which had been placed in liquidation. Grelle argued that the stay as to Liberty Lloyds prevented him from suing Liberty Lloyds’s solidary co-obli-gors.
The trial court denied the motion on the basis that there was still a genuine issue of material fact as to whether the defendants were solidary obligors.
Lundy and St. Paul complain that the trial court erred because there is no genuine issue of material fact that Grelle filed his tort suit more than one year after the accident. They argue that contra non valentem is inapplicable in that the stay of proceedings against Liberty Lloyds did not prevent Grelle from timely filing suit against them because the stay did not apply to them and because the stay itself did not prevent the filing of suit against any of the parties.
C.C.Art. 3503 provides that when prescription is interrupted against a solidary obligor, the interruption is effective against all solidary obligors. Prescription is interrupted by the filing of suit or by acknowl-edgement. C.C. Arts. 3462, 3464. Additionally, prescription runs against all persons unless there is a legislative exception. C.C.Art. 3467. However, under the doctrine of contra non valentem, there are four instances in which prescription does not run, including the situation where some condition coupled with the proceedings prevented the creditor from suing or acting. Corsey v. State Dept. of Corrections, 375 So.2d 1319 (La.1979).
In Lee v. Champion Ins. Co., 591 So.2d 1364 (La.App. 4th Cir.1991), the plaintiffs filed a UM claim against Champion and LIGA more than two years after the automobile accident. The plaintiffs had received a notice from Champion’s liquidator in June, 1989 stating that all claims against Champion had to be filed by July 5, 1990 and that R.S. 22:732 et seq. prevented the commencement of any action or proceeding against Champion. The plaintiffs filed their suit in March, 1990, and LIGA filed a motion for summary judgment on the grounds that the UM claim was prescribed. The trial court granted the motion; and, this court affirmed, finding no merit to the plaintiffs’ claim that they were restrained from filing suit until July 5, 1990 and that the deadline neither prevented the filing of suit nor interrupted or extended prescription. The court further held that neither the notice nor the liquidation order could have led reasonable persons to conclude that they could not file suit.
In White v. Haydel, 593 So.2d 421 (La. App. 1st Cir.1991), the plaintiff filed suit against the defendant, who had been insured by Champion, and LIGA more than one year after the accident. LIGA filed an exception of prescription, and, the plaintiff amended his petition to allege that his claim was not prescribed because the stay issued in conjunction with the liquidation proceedings interrupted and/or suspended prescription for the duration of the order. The trial court granted the exception. The First Circuit affirmed, holding that the stay applied only to pending actions.
Since Lee and White hold that prescription is not interrupted or suspended against the insolvent insurer specifically named in the stay order, then certainly prescription is not interrupted or suspended against the insolvent insurer’s eodefendants, be they solidary obligors or not. Contra non valentem, is inapplicable because Grelle has not been prevented from filing suit against Lundy or St. Paul by the stay order. There is no legislative exception under R.S. 22:1392 which stops the running of prescription pursuant to C.C. Art. 3467. This conclusion is further supported by Cockerham v. Armstrong World Industries, 111 F.Supp. 433 (M.D.La.1989), involving a bankruptcy stay as to one of several solidary liable defendants.[1] The court stated that the bankruptcy stay had no effect as to the other defen *1293 dants who were not timely sued. The bankruptcy proceedings did not interrupt prescription under C.C. Art. 3503 because no suit had been timely filed or the debt acknowledged. The court further stated that although prescription against the bankrupt party may have been suspended, the suspension was not the .equivalent of an interruption of prescription as to the other solidary obli-gors.
We therefore reverse the ruling of the trial court, grant relators’ exception of prescription and dismiss plaintiff’s suit against them.
REVERSED AND RENDERED.

. In State ex reí. Guste v. ALIC Corp., 595 So.2d 797 (La.App. 2nd Cir.1992), the Second Circuit noted that Louisiana’s scheme for liquidating insolvent insurers was very similar to proceedings in bankruptcy.