MARTHA GREEN, GEORGE GREEN, AND THE ESTATE OF MARTHA GREEN

VERSUS

MAISON INSURANCE COMPANY AND LOUISIANA INSURANCE GUARANTY ASSOCIATION

NO. 24-C-297

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE FORTIETH
JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 80,620, DIVISION "A"
HONORABLE VERCELL FIFFIE, JUDGE PRESIDING

September 04, 2024

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Stephen J. Windhorst,
John J. Molaison, Jr., and Amanda L. Calogero, Pro Tempore

**WRIT GRANTED; JUDGMENT DENYING EXCEPTION OF
PRESCRIPTION REVERSED; EXCEPTION OF PRESCRIPTION
GRANTED; PETITION DISMISSED WITH PREJUDICE**
   **JJM**
   **SJW**
   **ALC**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUB RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/RESPONDENT,
MARTHA GREEN, ET AL
      Zachary Delerno
      Charles L. Gowland, Jr.

COUNSEL FOR DEFENDANT/RELATOR,
LOUISIANA INSURANCE GUARANTY ASSOCIATION
      Sidney W. Degan, III
      Genevieve K. Jacques
      Paul R. Wegmann
      Alina Pagani
      Travis L. Bourgeois
      Candace C. Chauvin

**MOLAISON, J.**

The relator, Louisiana Insurance Guaranty Association ("LIGA"), seeks a review of the April 30, 2024 judgment that denied its Exception of Prescription. For the following reasons, we grant this writ application, reverse the trial court ruling, grant the exception of prescription, and dismiss the plaintiffs' petition with prejudice.

Law and Discussion

On August 28, 2023, the plaintiffs, Martha Green, George Green, and the estate of Martha Green ("the Greens"), filed a petition for damages against Maison Insurance Company ("Maison"). The petition alleged that Maison provided property insurance to their property and that their property sustained damage caused by Hurricane Ida. On November 21, 2023, the Greens filed a First Amended Petition for Damages, adding LIGA as a defendant.

LIGA answered the petition and filed an exception for prescription, among other things. The trial court denied the exception after the April 30, 2024 hearing.

An exception of prescription is a type of peremptory exception. The function of the peremptory exception is to have the plaintiff's action declared legally nonexistent or barred by the effect of law; this exception tends to dismiss or defeat the action. Ruffins v. HAZA Foods of Louisiana, LLC, 21-619 (La. App. 5 Cir. 5/25/22), 341 So.3d 1259, 1262. The party asserting an exception of prescription has the burden of proof; however, where the petition shows on its face that it is prescribed, the burden shifts to the opposing party to prove the prescriptive period has been interrupted or suspended. McClellan v. Premier Nissan, L.L.C., 14-726 (La. App. 5 Cir. 2/11/15), 167 So.3d 934, 935. The standard of review of a trial court's ruling on a peremptory exception of prescription is determined by whether evidence is introduced. Wells Fargo Financial Louisiana, Inc. v. Galloway, 17-0413 (La. App. 4 Cir. 11/15/17), 231

So.3d 793, 800. If evidence is not introduced, appellate courts review judgments sustaining an exception of prescription *de novo*. DeFelice v. Federated Nat'l Ins. Co., 18-374 (La. App. 5 Cir. 7/9/19), 279 So.3d 422, 426. However, when evidence is introduced at a hearing on an exception of prescription, the trial court's findings of fact are reviewed under the manifest error standard. Id.

The transcript of the hearing on the exception of prescription is included in this writ application. The transcript indicates that evidence was not introduced at the hearing, so we will review this matter *de novo*.

Hurricane Ida made landfall in Louisiana on August 29, 2021. The deadline for filing all lawsuits for damage caused by Hurricane Ida was August 29, 2023. La. R.S. 22:868. The Greens filed a Petition for Damages against Maison on August 28, 2023. Maison was declared insolvent on September 27, 2022.[1] The original petition filed by the Greens does not mention Maison's insolvency or LIGA. This petition was served on Maison through the Louisiana Secretary of State. The Greens did not request that LIGA or Maison's receiver be served.

The Greens filed a First Amended Petition for Damages naming LIGA as an additional defendant on November 21, 2023. Service of the First Amended Petition for Damages was requested on LIGA through its registered agent. Service of the original petition was not requested on LIGA.

Generally, according to La. C.C.P. articles 3462 and 3464, prescription is interrupted by filing a suit or acknowledgment. Prescription runs against all persons unless there is a legislative exception. La. C.C.P. art. 3467. The failure to file suit on time bars the action. La. C.C. art. 3447.

The prescriptive period for a property owner to file a suit against its property insurer for property damage arising from a named storm under a Louisiana

---

[1] On August 11, 2022, Maison merged with FedNat Insurance Company and on September 27, 2022, pursuant to an order issued by the Second Judicial Circuit Court for Leon County, Florida, FedNat was declared insolvent. Chatman v. Maison Ins. Co., 22-01055, 2024 WL 347889, (M.D. La. Jan. 30, 2024).

insurance policy is two years. La. R.S. 22:868. No legislative exception exists to the prescriptive period in suits against an insolvent insurer. La. R.S. 22:2068, which requires an automatic stay of 180 days in proceedings against insolvent insurers, is not a prohibition on filing a suit but rather a stay of certain proceedings. It does not interrupt or suspend prescription against an insolvent insurer. Grelle v. Youngblood, 94-397 (La. App. 4 Cir. 4/14/94) 635 So.2d 1291, 1292.

The First Amended Petition for Damages filed against LIGA is prescribed on its face. Hence, the Greens have the burden of proving that prescription was interrupted or suspended. The Greens argued that the timely original petition against Maison relates back to the First Amended Petition for Damages filed against LIGA.

The Greens' original petition was filed against Maison, which had been declared insolvent. Maison ceased to exist upon entry of the Order of Liquidation on September 27, 2022, almost a year before the filing of the original petition. See Tyburczy v. Graham, 91-1978, 1994 WL 150724, (E.D. La. Mar. 30, 1994) ("When an insurer such as Alliance becomes insolvent, it ceases to exist, and the liquidator or receiver becomes its legal successor, not LIGA."). La. C.C.P. art. 740. See also Stephanie Laborde, et al., The DEF's of LIGA: An Update to the ABC's of LIGA, 77 La. L. Rev. 997 (2017), at 1001 ("When a court of competent jurisdiction declares an insurer insolvent, the insurer effectively ceases to exist. A new entity arises – the insurer in liquidation or receivership. This new entity, rather than LIGA, is the insolvent insurer's legal successor.") Hence, prescription was not interrupted by filing a suit against the nonexistent defendant, Maison. In addition, service of the original petition was not requested upon LIGA or the receiver.

Because an insolvent insurer no longer exists, it cannot be a solidary obligor with LIGA. See, Tyburczy, supra. Thus, LIGA is not a solidary obligor of

Maison. LIGA is an entity created by the legislature with specific statutory mandates; claims against LIGA are limited to "covered claims" under La. R.S. 22:2055(6). Any claim outside the scope of coverage under the LIGA statutes or that exceeds the powers and duties of LIGA is not a covered claim. It follows that coverage for a claim by LIGA exists under the statutory mandate rather than the terms of the policy. See Laborde, supra, at 1007-09. The Greens' original Petition against Maison, filed after Maison was declared insolvent, did not interrupt prescription against LIGA. The original Petition does not name LIGA as a defendant or entity. The petition does not allege that their insurer, Maison, is insolvent. Without service of the original petition on LIGA or its receiver, LIGA did not have notice of the filing of the original petition.

In opposition, the Greens argued that prescription was interrupted because of solidary liability between LIGA and the insolvent insurer. However, there is no legislative exception suspending prescription, nor is there a solidary obligation between Maison and LIGA. The Greens have the burden of proving solidary liability. Rizer v. Am. Sur. & Fidelity Ins. Co., 95-1200 (La. 3/8/96), 669 So.2d 387, 388.

A lawsuit timely filed against one solidary obligor interrupts prescription against other solidary obligors. La. C.C. arts. 1799 and 3503. However, where no joint or solidary obligation exists, a suit timely filed against one defendant does not interrupt prescription against other defendants not timely sued. Renfroe v. State of Louisiana ex rel. Dept. of Transp. and Dev., 01-1646 (La. 2/26/02), 809 So.2d 947, 950.

In the case before us, the suit was filed against Maison on time, but Maison had ceased to be a legal entity when it was declared insolvent on or around September 27, 2022. At the time the original petition was filed, there was no solidary obligation between Maison and LIGA because (1) obligations of the

insolvent insurer are assumed by the receiver or liquidator, not LIGA; and (2) LIGA's obligations are statutorily created and are not solidary with the insolvent insurer. There is no legislative exception suspending prescription for suits against LIGA. Because there is no solidary relationship between Maison and LIGA, prescription against LIGA was not interrupted by the filing of the original petition.

Conclusion

For the preceding reasons, we grant this writ application and reverse the April 30, 2024 judgment denying the Exception of Prescription filed by LIGA. We grant the Exception of Prescription filed by LIGA and dismiss the First Amended Petition for Damages filed on November 21, 2023 with prejudice.

**WRIT GRANTED; JUDGMENT DENYING EXCEPTION OF PRESCRIPTION REVERSED; EXCEPTION OF PRESCRIPTION GRANTED; PETITION DISMISSED WITH PREJUDICE**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## <u>NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY</u>

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**SEPTEMBER 4, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-C-297**

### <u>E-NOTIFIED</u>
40TH DISTRICT COURT (CLERK)
HONORABLE VERCELL FIFFIE (DISTRICT JUDGE)
VERCELL FIFFIE (RESPONDENT)          ZACHARY DELERNO (RESPONDENT)          CANDACE C. CHAUVIN (RELATOR)
PAUL R. WEGMANN (RELATOR)            TRAVIS L. BOURGEOIS (RELATOR)

### <u>MAILED</u>
CHARLES L. GOWLAND, JR. (RESPONDENT)    ALINA PAGANI (RELATOR)
ATTORNEY AT LAW                          GENEVIEVE K. JACQUES (RELATOR)
1331 OCHSNER BOULEVARD                   SIDNEY W. DEGAN, III (RELATOR)
SUITE 101                                ATTORNEYS AT LAW
COVINGTON, LA 70433                      400 POYDRAS STREET
                                         SUITE 2600
                                         NEW ORLEANS, LA 70130